## Gibson *vs*. Smith.

Where a draft is given, directing the drawee to pay absolutely a sum of money to the payee, it is the right of the payee to have an unconditional and unqualified acceptance, and if he chooses, without the consent of the drawer, to take a conditional, limited or qualified acceptance of the draft, he thereby releases the drawer from all liability upon it.   The acceptor being such for value, and not a mere accommodation acceptor, the drawer is merely a surety for him, and the taking of a conditional or qualified acceptance without his consent works to his injury and discharges him.

January 26, 1886.

Negotiable Instruments.   Drafts.   Acceptance.   Prin-

cipal and Surety. Before Judge ADAMS. Chatham Superior Court. June Term, 1885.

Ella W. Smith, as assignee from the executor of A. N. Porter, brought complaint against W. T. Gibson on the draft set out in the decision. The defendant pleaded, among other things, that the paper was an unconditional order for money in the hands of the drawee, and that, by taking a conditional acceptance without his knowledge or consent, he was discharged.

The plaintiff introduced the draft, and showed her title thereto by assignment from the executor of Porter. The defendant moved for a non-suit, which was refused. The jury found for the plaintiff $200 (there being evidence that the acceptor had offered to pay $200 as the amount in hand, and that the payee at that time declined it.) The defendant moved for a new trial, which was refused. and he excepted.

J. R. SAUSSY, for plaintiff in error.

DENMARK & ADAMS; GARRARD & MELDRIM, for defendant.

BLANDFORD, Justice.

The defendant in error brought his action upon the following instrument in writing:

"AUGUSTA, GA., January 30, 1882.

"Mr. W. M. Dunbar, secretary and treasurer: You will please pay to A. N. Porter, Esq., four hundred dollars, balance due me for wages by Steamer W. T. Wheless and owners, and this shall be your receipt. (Signed) W. T. GIBSON."

Across the face was written,

"Accepted, when funds in hand. (Signed) W. M. Dunbar, Sec. and Treas."

There was evidence submitted, going to show that the Miners' & Planters' Transportation Company, of which Dunbar was secretary and treasurer, owed Gibson four

hundred dollars for wages as captain of the steamer Wheless; that Gibson made the draft and delivered the same to Porter, and that Porter procured the acceptance for his own convenience, and without the knowledge and consent of Gibson.

Where a draft is given, directing the drawee to pay absolutely a sum of money to the payee, it is the right of the payee to have an unconditional and unqualified acceptance of the same; and if he chooses, without the consent of the drawer, to take a conditional, limited or qualified acceptance of the draft, he thereby releases the drawer from all liability on the draft. See 1 Daniel, Neg. Ins., §510; Chitty on Bills, 340; Byles on Bills, 316; Story, §204.

We think the non-suit moved for in this case should have been granted. When the payee took an acceptance different from the tenor of the bill, without the consent of the drawer, he could not recover against the drawer. The drawer was merely a surety for the acceptor, he being an acceptor for value, and not an accommodation acceptor; and taking a conditional, varying or qualified acceptance by the drawee, without the consent of the drawer, was to his injury; he had a right to have notice of any change by the drawee in the tenor of the bill, and if he did not consent thereto, he is discharged.

Judgment reversed.